# 22-1322

## In the
## United States Court of Appeals
### For the Second Circuit



KNOWYOURMEME.COM NETWORK, INC.,
PALISADES CAPITAL, INC.,

*Plaintiffs-Appellants,*

– v. –

JACOB NIZRI, WE ENDEAVOR LTD., LITERALLY MEDIA, LTD.,

*Defendants-Appellees,*

MINDAD INC., MINDAD DIGITAL LTD., ORI ELRAVIV,
DOES 1 THROUGH 20,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## PAGE-PROOF BRIEF FOR
## PLAINTIFFS-APPELLANTS

LAW OFFICE OF BARUCH S. GOTTESMAN, ESQ.
*Attorneys for Plaintiffs-Appellants*
185-12 Union Turnpike
Fresh Meadows, New York 11366
(212) 401-6910

APPELLATE INNOVATIONS
(914) 948-2240

18621

# Table of Contents

Page

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Rule 26.1 Corporate Disclosure Statement . . . . . . . . . . . . . . . . . . . . . . . . . 1

Local Rule 28.1(b) Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1.    Nature of the case and
           the relevant procedural history . . . . . . . . . . . . . . . . . . . . . . . 2

    2.    The judge who rendered
           the decision being appealed from . . . . . . . . . . . . . . . . . . . . . 4

    3.    The Disposition Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    4.    Reporting of the Decision on Appeal . . . . . . . . . . . . . . . . . . . . 5

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    1.    The Plaintiff Showed that Defendant
           Literally Media Ltd. was headquartered
           in New York; and at least the trial court
           should have permitted limited
           Discovery on citizenship . . . . . . . . . . . . . . . . . . . . . . . . 12

    2.    It was error for the District Court
           to deny leave to Amend the Complaint . . . . . . . . . . . 15

    3.    Not every cause of action against every Appellee-Defendant
           was foreclosed under the doctrine of *forum non conveniens* . . . . . . . 17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# <u>TABLE OF AUTHORITIES</u>

**Page**

## <u>Cases:</u>

<u>Broder v. Cablevision Sys. Corp.</u>,
    418 F.3d 187 (2d Cir.2005)..........................................................................12, 17

<u>Catskill Dev. L.L.C. v. Park Place Entm't Corp.</u>,
    547 F.3d 115 (2d Cir. 2008)......................................................................11, 14

<u>Gibbons v. Bristol-Myers Squibb Co.</u>,
    919 F.3d 699 (2d Cir. 2019)............................................................................13

<u>Israel v. Carpenter</u>,
    Case No. 95-cv-2703, 1995 U.S. Dist. LEXIS 16007
    (S.D.N.Y. Oct. 31, 1995) ...............................................................................12

<u>Johnson v. Stinson</u>,
    28 Fed.Appx. 71 (2d Cir. 2002) .....................................................................16

<u>Joseph v. Leavitt</u>,
    465 F.3d 87 (2d Cir. 2006).............................................................................11

<u>Kropelnicki v. Siegel</u>,
    290 F.3d 118 (2d Cir. 2002)...........................................................................16

<u>Magi XXI Inc. v. Stato della Citta del Vaticano</u>,
    714 F.3d 714 (2d Cir. 2013)...........................................................................18

<u>Nettis v. Levitt</u>,
    241 F.3d 186 (2d Cir. 2001).....................................................................11, 16

<u>Pangburn v. Culbertson</u>,
    200 F.3d 65 (2d Cir. 1999).......................................................................11, 16

<u>Phillips v. Audio Active, Ltd.</u>,
    494 F.3d 378 (2d Cir. 2007)......................................................................11, 17

<u>Travelers Ins. Co. v. Carpenter</u>,
    411 F.3d 323 (2d Cir. 2005)...........................................................................11

United Food & Commercial Workers Union, Local 919,
   AFL-CIO v. Centermark Props. Meriden Square,
   30 F.3d 298 (2d Cir. 1994)......................................................................12


**Rules, Laws and Statutes:**

28 U.S. § 1447.........................................................................................13, 15

28 U.S.C. § 1332(c)(1).............................................................................5, 12

28 U.S.C. section 1291 ...............................................................................5

New York General Business Law § 130.....................................................2

Rule 12(b)(3)........................................................................................11, 17, 20

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure, Rule 26.1, **KnowYourMeme.com Network Inc.,** states that it is a Corporation organized and existing under Delaware law whose principal place of business is at New York. It does not have a parent company and is not publicly held **Palisades Capital, Inc.** states it is a corporation organized and existing under Arkansas law whose principal place of business is at New York. It does not have a parent company and is not publicly held.

1

Appellants-Plaintiffs Knowyourmeme.com Network, Inc., and Palisades Capital, Inc. ("Plaintiffs") respectfully submit this Appellants-Plaintiffs' Brief (the "Brief") in support of its appeal of the Honorable George B. Daniels' Memorandum Decision and Order (the "Decision") dated September 28, 2021, and the associated Judgment, which granted the Motions to Dismiss filed by the Appellees-Defendants Jacob Nizri, We Endeavor Ltd., and Literally Media, Ltd.

## LOCAL RULE 28.1(b) STATEMENT

### 1. Nature of the case and the relevant procedural history

This action sounds in breach of contract as well as other claims for fraudulent inducement, negligent misrepresentation, interference with contractual relationships, interference with contractual relationships, intentional interference with prospective business advantage, unjust enrichment. The Complaint also sought declaratory relief under New York General Business Law § 130 & 130.

The Original Verified Complaint was filed in the Supreme Court of the State of New York in and for the County of New York on October 7, 2020. The Appellees-Defendants Removed the case to the Southern District of New York (DE 1). On November 30, 2020 the Appellees-Defendants moved to Dismiss the Complaint (DE 5, 6) on several bases including on a theory of *forum non conveniens*, which the Plaintiffs-Appellees opposed (DE 60).

2

On December 21, 2020, the Appellants-Plaintiffs cross-moved to Remand the case back to the Supreme Court (DE 11, 18, 19), which the Appellees-Defendants opposed (DE 13).

On the basis of information disclosed in the Appellees-Defendants opposition to the Remand (including the nature and identity of the New York "Subsidiary") the Appellants-Plaintiffs quickly moved on February 15, 2021, to file an Amended Complaint (DE 20, 38), which Appellees-Defendants opposed (DE 30, 31).

On March 25, 2021, District Judge Daniels referred the matter to Magistrate Judge James L. Cott for consideration of the three pending Motions: (i.) Appellees-Defendants Motion to Dismiss; (ii.) Appellants-Plaintiffs Motion to Remand; and (iii.) Appellants-Plaintiffs Motion to Amend the Complaint (DE 42).

On June 8, 2021, the Appellees-Defendants moved to dismiss for failure to prosecute and to comply with a Court Order (DE 55).

By Report & Recommendation dated August 30, 2021, the Honorable Magistrate Judge James L. Cott recommended that the Plaintiffs-Appellants' Motion to Remand and Motion to Amend the Complaint be denied; and that the Defendants-Appellees' Motion to Dismiss be granted based on the doctrine of *forum non conveniens*. (DE 67). The Motion to Dismiss for failure to prosecute was mooted.

Appellants-Plaintiffs timely objected (DE 72); and on September 28, 2021 the Honorable District Judge George B. Daniels adopted the Report and granted the Motion to Dismiss under the doctrine of *forum non conveniens* (DE 75); and Judgement was entered on September 29, 2021 (DE 76).

The Appellants-Plaintiffs moved for reconsideration on October 13, 2021 which was opposed by the Appellees-Defendants (DE 78), which was denied by Memorandum Decision and Order of the Honorable District Judge George B. Daniels on June 14, 2022 (DE 81).

Appellants-Plaintiffs timely appealed (DE 82).

**2.    The judge who rendered the decision being appealed from**

The Honorable George B. Daniels, United States District Judge of the Eastern District of New York rendered the Decision from which the Appellants-Plaintiffs appeal.

**3.    The Disposition Below**

The District Court granted Appellees-Defendants Motion to Dismiss on the basis of the doctrine of *forum non conveniens*.  The District Court denied the Motion to Remand and the Motion for Leave to File an Amended Complaint.

The District Court deemed the Motion to Dismiss for failure to prosecute moot.

### 4. Reporting of the Decision on Appeal

The Decision and Denial of Reconsideration were not reported. The September 28, 2021 Decision is published 2021 U.S. Dist. LEXIS 186230 and 2022 WL 4441523; and the June 14, 2022 Denial of Reconsideration is published at 2022 U.S. Dist. LEXIS 106107 and 2022 WL 2133917.

## JURISDICTIONAL STATEMENT

The position of the Appellants-Plaintiffs is that the District Court did not have jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) because there was not complete diversity of citizenship. The Complaint alleges that Plaintiffs' principal place of business at New York (DE 1 at ¶ 1, 2) and presented documentary evidence that at least Literally Media, Ltd., maintained its headquarters at Kings County in the State of New York. (DE 11).

Nevertheless, the Magistrate Judge recommended (DE 67 at p. 21) and the District Court upheld a finding (DE 75 at p. 4) that Literally Media, Inc.'s headquarters was in Israel and not in New York State; and that there was jurisdiction because of the complete diversity of citizenship between the Parties.

This Court has jurisdiction pursuant to 28 U.S.C. section 1291 because this appeal is from a final order that disposed of all of the Plaintiffs' claims against the Defendants pursuant to the doctrine of *forum non conveniens*.

## **STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

**1. Did the District Court improperly find that it had jurisdiction because there was complete diversity between the Parties?**

Appellants-Plaintiffs respectfully submit that it was error for the District Court to accept the self-serving representations by the Appellees-Defendants that Literally Media, Ltd. that they had no offices in New York, when these claims were contradicted by public information to the contrary. At the least, the District Court should have granted limited discovery on the issue of Literally Media, Ltd.'s citizenship in New York and/or leave to Amend in light of the disclosures about the New York subsidiary.

**2. Did the District Court improperly deny the Appellants-Plaintiffs Motion to Amend?**

Appellants-Plaintiffs respectfully submit that it was error for the District Court to deny leave to Amend the Complaint.

**3. Did the District Court improperly grant the Appellants-Defendants' motions to dismiss under the doctrine of *forum non conveniens*?**

Appellants-Plaintiffs respectfully submit that it was error for the District Court to find that every cause of action against every Appellee-Defendant should be dismissed under the doctrine of *forum non conveniens*.

## STATEMENT OF THE CASE

Appellants-Plaintiffs Knowyourmeme.Com Network, Inc. and Palisades Capital, Inc. (referred to in this Brief where appropriate as the "Plaintiffs") brought suit in New York Supreme Court against the Appellees-Defendants Jacob Nizri, We Endeavor Ltd, and Literally Media, Ltd (referred to in this Brief where appropriate as the "Defendants"). Plaintiffs alleged that Defendants breached a certain acquisition agreement and committed other business torts and statutory violations against the Plaintiffs. (DE at pp. 15-38).

Defendants Removed the case to the Southern District and moved to dismiss the Complaint (DE 1, 5) because among other reasons, one of the Defendants had allegedly executed a contract with one of the Plaintiffs' predecessors with a foreign jurisdiction clause. For their part, the Plaintiffs cross-moved to Remand the case because of the lack of compete diversity between the Parties (DE 11); the Plaintiffs (having learned more about the corporate structure of the alleged tortfeasors through disclosures by the Defendants in opposition to the Motion for Remand – the Motion for Remand itself hid the ball on the true identity of the New

7

York subsidiary by providing the incorrect name) quickly moved to Amend the Complaint and submitted a proposed Amended Complaint that, *inter alia*, sought to add Defendants' newly discovered corporate affiliates headquartered in New York (DE 20, at ¶ 7).

The Magistrate Judge's Report and Recommendation adopted the Defendants' representations that Literally Media is not based in New York on its face (DE 67 at pp. 22-23); and rejected the proposed Amendment that would clarify the corporate status and interrelation between the Defendants (and their domicile in New York) (DE 67 at pp. 37-41). The District Judge adopted the Report and Recommendation and found Removal was Proper (DE 75 at pp. 4-5).

The Magistrate also found that it was appropriate to dismiss the claim under a theory of *forum non conveniens* (DE 67 at pp. 12-13) which the District Judge adapted and applied to all claims against all Defendants (DE 75 at pp. 5-9).

The Court wrote in the Decision on the Motion for Reconsideration that "Once Remand was proper [sic], this Court decided to enforce the forum selection clause of the LOI and not entertain any further amendments to the complaint." (JDE 81 at fn. 1). Plaintiffs understand that to mean that even if the Court had no jurisdiction because of the lack of complete diversity, it could elect to make a substantive decision on the *forum non conveniens* issue, despite the lack of jurisdiction.

8

Plaintiffs took this appeal because they respectfully submit that there was no subject matter jurisdiction over the dispute because of the lack of complete diversity, and because any decision about *forum non conveniens* was premature and outside the Court's jurisdiction to decide. That lack of complete diversity was shown by the Plaintiffs – and to the extent it remained a factual dispute, at the least the Court should have granted Plaintiffs leave for limited Discovery on the issue – and was to be further clarified in the proposed Amended Complaint. For this reason the Plaintiffs respectfully submit case should be remanded with direction to Remand the matter back to the Supreme Court and in the alternative, the Plaintiffs granted leave for limited discovery into the Defendants' citizenship and/or granted leave to Amend the Complaint. Further, Plaintiffs respectfully submit that the purported forum selection clause did not apply to all claims against all Defendants and the remaining claims (other than those of Breach of Contract between the Parties to that clause) should have been allowed to proceed.

## SUMMARY OF THE ARGUMENT

The Complaint alleged and Plaintiffs presented substantial evidence that at Literally Media Ltd. was headquartered in New York. The proposed Amended Complaint established that an affiliate – which the Plaintiffs only learned

of after filing suit – was co-liable, an alter ego of Literally Media Ltd., and also based in New York.

Despite this, the Court found that it had jurisdiction over the Parties dispute. Respectfully, this was error. The Court should have remanded the case to the Supreme Court and at least should have granted Plaintiffs limited Discovery on the issue of Defendants' citizenship.

Substantively, the Court interpreted a forum selection clause between a predecessor of one of the Plaintiffs with one of the Defendants to apply to any claim by any of the Plaintiffs against any of the Defendants. Respectfully, even if the Court were to find that the forum selection clause was binding on the breach of contract claim between KnowYourMeme.com Networks and Nizri; it should not have dismissed the other common law and statutory claims by all the Plaintiffs against all the Defendants.

## **ARGUMENT**

The Plaintiffs respectfully submit that the Decision must be reversed, the Motions to Dismiss be denied, and the case remanded to the District Court with instructions that the case be remanded to the Supreme Court. Additionally, and in the alternative the Plaintiffs should be granted limited Discovery to further clarify

the corporate citizenship of Literally Media, Ltd. and/or leave granted to file an Amended Complaint.

We begin with the standard of review that apply to this appeal:

The Appellate Court has an independent obligation to consider the presence or absence of subject matter jurisdiction. *See* <u>Joseph v. Leavitt</u>, 465 F.3d 87 (2d Cir. 2006) *citing* <u>Travelers Ins. Co. v. Carpenter</u>, 411 F.3d 323, 328 (2d Cir. 2005). Where the record is underdeveloped to determine the citizenship of the Parties (as is relevant to complete diversity) this Court has authority to remand the case to the District Court for further development of the record. *See, e.g.*, <u>Catskill Dev. L.L.C. v. Park Place Entm't Corp.</u>, 547 F.3d 115 (2d Cir. 2008)(describing earlier remand of case for fuller development for factual record on citizenship).[1]

This Court reviews a decision to deny leave to amend a complaint for abuse of discretion, while "keeping in mind that leave to amend should be granted when 'justice so requires.' " <u>Nettis v. Levitt</u>, 241 F.3d 186, 192 (2d Cir. 2001) *citing* <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 70 (2d Cir. 1999); FED. R. CIV. P. 15(a).

This Court's review of the District Court's grant of the Motions to Dismiss under Rule 12(b)(3) is *de novo*. <u>Phillips v. Audio Active, Ltd.</u>, 494 F.3d 378,384 (2d Cir. 2007).

---

[1] `Under Second Circuit Rule the 2006 remand decision is Unpublished (and issued before January 1, 2007) and is therefore not cited here.

1. **The Plaintiff Showed that Defendant Literally Media Ltd. was headquartered in New York; and at least the trial court should have permitted limited Discovery on citizenship**

We begin with the issue of diversity jurisdiction. This Court has held that in the absence of jurisdiction, any further consideration of the merits (such as the motion for dismiss for *forum non conveniens* here) is premature. *See, e.g.,* Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir.2005) ("Because a holding that the district court lacked removal jurisdiction would end our inquiry, we first address the district court's denial of [plaintiff's] motion to remand the case to state court for lack of jurisdiction."). For that reason, if this Court finds that the District Court had no jurisdiction over the dispute, then the matter should be sent back to the District Court with instructions to remand the matter to the Supreme Court for all other issues.

It is well settled that "[d]iversity jurisdiction requires that there be complete diversity of citizenship among all parties" Israel v. Carpenter, Case No. 95-cv-2703, 1995 U.S. Dist. LEXIS 16007 (S.D.N.Y. Oct. 31, 1995) *citing* United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Props. Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994).

Citizenship for corporations is determined by "every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "In the usual case,

12

application of the forum defendant rule is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2)." Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019).

And that's what should have happened here. The Complaint alleged that the Plaintiffs' principal places of business were at New York. (De at ¶¶ 1-2) The Complaint also alleged that Defendants We Endeavor Ltd., and Literally Media Ltd. maintains offices at Brooklyn; and that Defendant Nizri is resident at New York. (DE 1 at ¶¶ 3-5). Therefore on its face there is no diversity jurisdiction and this case should have been summarily remanded to the Supreme Court. *See* Motion to Remand. (DE 11).

Defendants opposed the Motion and submitted a self-serving affidavit about one of the Defendants (Literally Media Ltd.) not actually being based in New York but admitting that it's "wholly owned subsidiary Mindad, Inc." was headquartered locally. (DE 13 at ¶ 9).

By contrast, the Plaintiffs submitted substantial information based on public information that in fact the Defendants were headquartered in New York (DE 11, 18, and 19 including exchibits) and – in the alternative – sought leave to Amend

the Complaint based on the newly learned information that Defendants allegedly had a wholly owned subsidiary in New York (DE 20).

The Report and Recommendation appears to quibble with whether the documentation submitted by the Plaintiffs was "authenticated" or not (DE 67 at p. 20) (when in fact the documentary evidence was submitted on the record by an officer of the Court, showed publicly undisputed webpages and was subject - as is any filing – to Rule 11 sanctions had it been inauthentic) and ultimately, the Report and Recommendation made a factual finding about the citizenship (DE 67 at p. 21), which the District Court adopted (DE 75 at p. 4).

Plaintiffs respectfully submit that this denial of the Motion to Remand was premature. On its face there is a factual dispute whether the Defendants are resident in New York; and at the least the Court should have permitted limited Discovery into the true identity and corporate status of the Defendants and whether the supposed "Subsidiary's" citizenship in New York was bona fide or a mere alter ego and nominee for the Defendant's citizenship in New York. *See*, e.g., <u>Catskill Dev. L.L.C. v. Park Place Entm't Corp.</u>, 547 F.3d 115 (2d Cir. 2008) as an example where the Court remanded a case with an incomplete record on citizenship for further factual development.

In addition, while discussed separately in this Brief, the factual dispute about citizenship should at least have informed the Court's decision whether to grant

14

leave to amend the Complaint to name the purported "Subsidiary" in New York who were entirely complicit in the alleged torts (and whose identity and "subsidiary" status was only disclosed in the Affidavit in Opposition to the Motion for Remand (DE 13, ¶¶ 9-13).

For these reasons, the Plaintiffs respectfully submit that the Court should have Remanded the case to the Supreme Court. And in the alternative, should have granted Plaintiffs the prerogative to conduct limited discovery on the true corporate identity and citizenship of the Defendants. Separately (and discussed below) the Court should have been inclined to grant leave to Amend the Complaint to name the newly identified American "Subsidiary".

### 2. It was error for the District Court to deny leave to Amend the Complaint

Under 28 U.S. § 1447, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction the court may deny joinder, or permit joinder and remand the action to the State court."[2] The standard used by this Court when reviewing a decision to deny leave to amend

---

[2] The Undersigned has identified no caselaw in the Second Circuit on point that describes the standard of review under 28 U.S. § 1447. We would respectfully propose that given the jurisdictional issues at issue in the decision whether to join additional Defendants, review *de novo* would be more appropriate than the "abuse of discretion" standard for Amendments in general. For purposes of argument here, we discuss the considerations in an "abuse of discretion" review.

a complaint for abuse of discretion, while "keeping in mind that leave to amend should be granted when 'justice so requires.' " Nettis v. Levitt, 241 F.3d 186, 192 (2d Cir. 2001) *citing* Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999); FED. R. CIV. P. 15(a).

      In this case, the claim that Literally Media, Ltd. was not based in New York, coupled with the bombshell admission that it held a wholly owned subsidiary based in New York (DE 13, ¶¶ 9-13) was made on January 4, 2021 and the Motion for the Amendment to incorporate this new information and its impact on complete diversity was filed weeks later on February 25, 2021, *Contrast* Johnson v. Stinson, 28 Fed.Appx. 71 (2d Cir. 2002) (Unpublished) (upholding denial of leave to amend when filed five years later); Kropelnicki v. Siegel, 290 F.3d 118, 130 (2d Cir. 2002)(identifying "undue delay" as a valid basis to deny leave to amend).

      Under the circumstances of this case, "justice so requires" that the Plaintiffs be granted leave to introduce the new information about the Subsidiary in an Amended Complaint and considered on a renewed Motion to Remand.  This question of the relationship with New York speaks to the central issue as it relates to jurisdiction– the Defendants' citizenship in New York.  We respectfully submit that given the centrality of the citizenship issue and the Plaintiffs' inability to know this information before filing the original Complaint, brings this into the type of case where it was an abuse of discretion for the Court to deny leave to Amend.

For these reasons, the Plaintiffs respectfully submit that the Motion for Leave to Amend should have been granted.

### 3. Not every cause of action against every Appellee-Defendant was foreclosed under the doctrine of *forum non conveniens*

Appellants-Plaintiffs respectfully submit that it was error for the District Court to find that every cause of action against every Appellee-Defendant should be dismissed under the doctrine of *forum non conveniens*.

This Court's review of the District Court's grant of the Motions to Dismiss under Rule 12(b)(3) is *de novo*. Phillips v. Audio Active, Ltd., 494 F.3d 378,384 (2d Cir. 2007). We also respectfully submit that any analysis of the doctrine of *forum non conveniens* should only be conducted if the Court finds unequivocally that it has jurisdiction over the dispute. *See* Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir.2005) ("Because a holding that the district court lacked removal jurisdiction would end our inquiry, we first address the district court's denial of [plaintiff's] motion to remand the case to state court for lack of jurisdiction."). For the reasons already explained, on its face and certainly if leave to Amend is granted – this Court does not have jurisdiction over the dispute.

In this case, the Defendants pointed to Paragraph 10 of a Letter of Intent (DE 6 at p. 9) in which the predecessor to KnowYourMeme.com Networks Inc., and Defendant Literally Media Ltd., executed a Letter of Intent which provided that New

17

York law would apply to any dispute that; and that "[a]ny action or proceeding seeking to enforce any provision of, or based on any right arising out of this this letter may be brought . . . . against L[iterally] M[edia Ltd.] (or any of its officers, directors, shareholders, and/or representatives) exclusively in the courts of the State of Israel . . . ." (DE 6 at p. 9, ¶ 10).

Of note, the clause does not include affiliates, subsidiaries, sibling companies, or parent companies. It specifically refers to Literally Media and its officers alone. It also makes clear that the scope of issues subject to the jurisdiction clause are those actions "seeking to enforce any provision of, or based on any right arising out of" the Letter of Intent. (DE 6 at p. 9, ¶ 10).

As the Complaint (and the proposed Amended Complaint) make clear, the causes of action arise from other agreements (See, e.g., DE 1 at p. 15, ¶ 24) that were not subject to the jurisdiction clause. The Complaint alleged and other torts that were entirely independent of the Letter of Intent; Fraudulent inducement, Negligent Misrepresentation and a handful of other torts. (See DE 1 at pp. 16-31, ¶¶ 41-70). While the District Court the position that any tort claim that "ultimately depend[s] on the existence of a contractual relationship between the signatory parties." (DE 75 at p. 7) *citing* Magi XXI Inc. v. Stato della Citta del Vaticano, 714 F.3d 714, 724 (2d Cir. 2013) a fair reading of the Complaint (and proposed Amended Complaint) allege claims that are not subject to the jurisdiction clause either because

18

the relevant Defendants were not parties to the jurisdiction clause; the claim arose out of separate agreements and actions (and not from the alleged LOI itself); and because the claims arose from statutory claims and not the LOI.

For this reason, the Plaintiffs respectfully submit that the Complaint should not have been dismissed in its entirety for all claims against all parties on a theory of *forum non conveniens*.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

Based on the foregoing, the Plaintiffs respectfully submit that the Decision of the District Court should be reversed, the associated Judgment dismissing the Complaint vacated, the Rule 12(b)(3) Motion to Dismiss denied, and the case sent back to the District Court to be remanded to the Supreme Court; additionally and in the alternative the Plaintiffs should be granted leave to conduct limited Discovery into the citizenship of the Defendants; and in the alternative the Plaintiffs should be granted leave to file an Amended Complaint.

Dated: **NOVEMBER 15, 2022**

Respectfully Submitted,

BARUCH S. GOTTESMAN, ESQ.
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
E-mail: <bg@gottesmanlegal.com>
*Attorney for Appellants-Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed.R.App.P.32(a)(7)(B) because:

   This brief contains 3,829 words, excluding the parts of the brief exempted by Fed.R.App.32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P32(a)(6) because:

   This brief has been prepared in Proportionally-Space typeface using Microsoft Word, in Times New Roman, Font Size 14.